STATE, EDWARD STOKES, PROSECUTOR, v. JOHN W. EARLY AND DAVID W. MORTON, TRUSTEES OF M. E. CHURCH OF HIGHTSTOWN.

A *certiorari* will not be allowed to bring up proceedings under the act concerning vice and immorality before conviction.

On *certiorari*.

This writ brings up a proceeding under color of the act concerning vice and immorality, section 9. The following complaint was filed with a justice of the peace: D. W. M. complains of S. N., A. A., Jr., and E. C., of ———— township, county aforesaid; also of E. S., of ————, Burlington county, that the said S. N., A. A., Jr., E. C. and E. S. did disturb the religious worship of the M. E. Church of Hightstown by laughing, talking and writing, to the annoyance of the worshipers of said church during the services on Sunday evening, January 8th, 1882.

An additional complaint, almost alike in its tenor, was also filed. Upon these complaints a warrant was issued, and Edward Stokes was arrested and entered into recognizance for his appearance on January 30th, 1882. The hearing was adjourned until February 3d, 1882. Upon that day the defendant appeared and presented this writ of *certiorari*, which was allowed on January 31st. The proceedings were at this point stayed.

Argued at June Term, 1883, before Justices DEPUE, VAN SYCKEL and REED.

For the prosecutor, *R. M. J. Smith.*

For the defendants, *A. S. Appleget.*

The opinion of the court was delivered by

REED, J.   Before reaching the question discussed in the brief of the counsel for the prosecutors, which was directed to the regularity of the proceedings below, we are confronted by a preliminary difficulty.   It is perceived that nothing in the shape of a final determination by the court below had been reached.

While the suit before the magistrate was still *in fieri* it was carried to this court by command of this writ of *certiorari.* The question whether the allowance of the writ at this stage of the proceedings was not premature is obviously of importance, for if a writ can be sued out at each stage of the proceedings at which an irregularity is suspected to exist, the suit is capable of being subjected to a prolonged and tortuous career.

Section 18 of the Vice and Immorality act provides that no conviction shall be removed by *certiorari,* but provides for an appeal to the Court of Quarter Sessions.

But it is urged that where there is an absence of jurisdiction a writ will be allowed to review an intermediate step.   It is true that in two instances the practice has grown into law of permitting a review by *certiorari* before judgment if there appears in the proceedings such irregularity as deprives the special tribunal before which they are taken, of jurisdiction.

The two instances to which allusion is made are, first, proceedings under the Forcible Entry and Detainer act, and, second, summary proceedings under the Landlord and Tenant act.   These two are treated as exceptional.

*State, Elder, pros.,* v. *District Medical Society of Hudson County,* 6 *Vroom* 200.   In this case it was ruled that in cases other than these a writ of *certiorari* would not be allowed be-

fore judgment in cases which could not be continued or completed in this court. In the subsequent case of *State, Hoxsey, pros.*, v. *City of Paterson*, 11 *Vroom* 186, the operation of this rule was restricted to those cases in which the writ of *certiorari* operated as a writ of error.

By the rule announced in this case, the court may interpose at any stage in a proceeding not of this character. In the review of the action of corporations the writ can be invoked previous to the final exercise of power, if the proceedings already show that such final exertion of power must be illegal. The case under consideration does not fall within this class of proceedings. A conviction and judgment are essential for the groundwork of an application for the writ, and this writ must be dismissed as improvidently allowed.